OPINION OF THE COURT
C. Raymond Radican, J.
On the court’s own motion, the decision and order dated March 20, 1998 is hereby withdrawn and the following is substituted in its place.
Submitted for the court’s consideration is a petition to transfer the situs of an inter vivos trust from New York to the State of Washington. Its novelty lies in the fact that the trust was created under the auspices of EPTL 7-6.1, a statute of *522 recent vintage that authorizes the creation of enforceable trusts for animals. The petition and supporting memorandum of law seek the appointment of a guardian ad litem to protect the trust’s beneficiaries.
Five chimpanzees are the income and principal beneficiaries of the trust. They reside in Washington at the Chimpanzee and Human Communication Institute and are widely known for their proficiency with American Sign Language. The petitioner’s memorandum of law argues that they should be treated as persons under a disability pursuant to SCPA 103 (40); 311 and 403 (2) so as to merit the appointment of a guardian ad litem. While novel in application, the court need not reach the issue of personhood for chimpanzees because the statute provides an adequate alternative remedy that will satisfy the concerns of the petitioner (cf., United States v Leon, 766 F2d 77; Matter of Beach v Shanley, 62 NY2d 241 [indicative of the courts’ reluctance to reach issues of constitutional scope where an alternate means of disposition exists]).
EPTL 7-6.1 (a) provides in pertinent part: “The intended use of the principal or income may be enforced by an individual designated for that purpose in the trust instrument or, if none, by an individual appointed by a court upon application”.
Based upon this language, the Legislature certainly intended someone (an enforcer) to protect the animals’ interests other than the trustee (Mem of Senate in support of L 1996, ch 159, 1996 McKinney’s Session Laws of NY, at 2139). The enforcer mentioned in the statute presumably performs the same function as a guardian ad litem for an incapacitated person, although it is premature to decide the nature and scope of these duties.
The court directs citations to be issued to the Attorney-General as representative of ultimate charitable interests and to Jay Pomerantz, a person designated by the petitioner to receive process for the trust beneficiaries. The court notes that this designation to receive process is not pursuant to SCPA 311 but rather pursuant to EPTL 7-6.1 (a). The designee is to submit an affidavit similar to what is required under SCPA 403 (1) (a).
The attorney for the petitioner is directed to present proposed citations in conformity with this decision.